UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  11-48614 |
| Midwest Direct Mailers, L.L.C. | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Jack B. Schmetterer |
| | ) | |
| Debtor(s) | ) | |

AGREED FINAL ORDER AUTHORIZING DEBTOR TO (I) USE CASH COLLATERAL, (II) BORROW MONEY, (III) GRANT SECURITY INTERESTS, (IV) ACCORD PRIORITY STATUS AND (V) OBTAIN RELATED RELIEF

This cause coming to be heard on objections to the Debtor's motion for authority to use cash collateral, borrow money, grant security interests, accord priority status and obtain related relief (the "Motion"); the Debtor having represented that it needs the use of cash collateral and financing to continue its operations; the Court having previously entered an Interim Order to provide funds to make payroll and pay associated taxes; the Debtor having represented that it cannot obtain unsecured financing; the Debtor having stipulated that (a) as of the Petition Date, Franklin Capital Holdings LLC ("Franklin Capital") was owed $2,351,285.00 plus accrued fees, costs, and expenses and (b) repayment of the Obligations (as that term is defined in the Factoring Agreement previously attached to the Motion); repayment of which is secured by all of the assets of the Debtor, as more fully described in Section 5.1 of the Factoring Agreement, the Equipment Note dated March 16, 2007, as modified, the Consolidated Restated Equipment Note dated October 4, 2011, the Third Amended and Restated Revolving Note dated July 27, 2011, and the various security agreements, as amended and modified, along with guarantees, all of which secure repayment of the Obligations ("Loan Documents"); the Court having determined that cause exists to grant the relief requested, and the Court being otherwise fully advised in the premises; all objections having been withdrawn;

IT IS HEREBY ORDERED, STIPULATED AND AGREED THAT:

1. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (D), (C), (K), (M) and (N).

2. Pursuant to §363, the Debtor is authorized to sell its Receivables to Franklin Capital, free and clear of all liens, claims and encumbrances, in accordance with the Loan Documents and the Factoring Agreement ("Agreement"), and the Debtor is authorized to assume the Agreement, use cash collateral and borrow money on a secured basis upon the terms and conditions set forth in the Agreement as modified by this Order. Franklin Capital is a "good faith" purchaser of the Receivables and any financing provided by Franklin Capital pursuant to this Order shall be entitled to the protections of §364(e).

3. Pursuant §364(c), (d), Franklin Capital is granted a first priority security interest in all of the Debtor's post-petition accounts receivable and post-petition inventory, the proceeds therefrom, and all of the Debtor-in possession's other assets, as more fully described in §5.1 of the Agreement to the same extent as existed pre-petition to secure repayment of any Obligation, loan or advance made by Franklin Capital to the Debtor ("Financial Accommodations"). In addition, any interest that Franklin Capital has as secured creditor in the assets of the Debtor in existence on the Petition Date is collateral for post-petition loans and other

Financial Accommodations.  The Debtor is further authorized to execute such documents that may be necessary to implement the secured financing authorized by this Order.  To secure against any diminution in value, the collateral subject to Franklin Capital's security interest is to be determined as of the date of the Debtor's Chapter 11 filing, forward.  To the extent there is any decrease in the value of Franklin Capital's collateral, Franklin Capital shall be granted a first security interest in all of the Debtor's Avoidance Actions (under Chapter V of the Bankruptcy Code).

4. Pursuant to 11 U.S.C. § 364(c), any and all Obligations (as that term is defined in the Agreement) owed to Franklin Capital arising after the Petition Date shall constitute an administrative expense of the Debtor's estate having priority over any and all other administrative expenses, including administrative expense of the kind specified in 11 U.S.C. § 503(b) or § 507(b), except fees owed to the United States Trustee.

5. Franklin Capital is authorized to collect, receive and apply pre-petition accounts receivable and the proceeds thereof, as well as any accounts receivable and proceeds hereafter arising from the sale of its collateral to such of the Debtor's Obligations to Franklin Capital as Franklin Capital may elect, whether such indebtedness arose prior to the commencement of this case or subsequent thereto as the result of advances to the Debtor or Franklin Capital's purchase of Receivables, pursuant to this Order.  Franklin Capital is further authorized to collect, receive and apply post-petition accounts receivable and the proceeds thereof to the indebtedness of the Debtor to Franklin Capital arising under this Order or any of the Loan Documents.

6. A default under this Order shall occur upon (i) the occurrence of default by the Debtor-in-possession as described in the Agreement or the Loan Documents; or (ii) the appointment of a trustee; or (iii) payment of any expense outside of the Debtor's ordinary course of business; or (iv) the Debtor's failure to maintain adequate insurance on its assets, naming Franklin Capital as a loss payee.  Upon default, Franklin Capital shall have no obligation to provide financing or purchase Receivables as described in the Agreement and, Franklin Capital may, subject to Court approval after appropriate application, have the right to require the Debtor or other estate representative surrender and deliver peaceful possession of all collateral described in the Loan Documents as well as all collateral granted to Franklin Capital by this Order, and Franklin Capital shall be authorized to sell or otherwise dispose of such collateral in accordance with the terms of the Loan Documents, Agreement and the Uniform Commercial Code and to apply the proceeds received from such disposition to any and all Obligations of the Debtor to Franklin Capital in such manner as Franklin Capital may elect in its sole discretion.

7. The provisions of this Order and any actions taken pursuant to this Order shall survive the entry of an order converting this case to Chapter 7 or an order appointing a trustee herein, and the liens and security interests granted in this Order shall maintain their priority as provided by this Order until fully satisfied and discharged.

8. Franklin Capital shall have access to the Debtor's books and records during normal business hours and shall have access to the Debtor's premises to inspect the Debtor's inventory during normal business hours.

9. The automatic stay imposed by 11 U.S.C. § 362(a) is modified to permit Franklin Capital to receive the proceeds of accounts receivable and its collateral as authorized in this Order and to file and record UCC financing statements and other instruments and documents as may be necessary to reflect the security interests and liens granted to Franklin Capital pursuant to this Order.

10. The Debtor shall use all proceeds from loans and advances made by Franklin Capital in the ordinary course of business to pay only those expenses described on

the attached budget.

11. Nothing in this Order shall be construed to require Franklin Capital to make any loans or advances to or for the benefit of the Debtor, or to purchase any of the Debtor's Receivables or to make any loan any subsequently appointed trustee.

12. No party shall have the right to contest the validity, priority, perfection or enforceability of the Agreement with Franklin Capital or the security interests and liens granted to Franklin Capital. Franklin Capital's secured interest in the collateral as evidenced by the Loan Documents is superior to all claims and interests asserted against the collateral without setoff, recoupment, counterclaim, deduction, or claim of any kind against the Obligations, including without limitation any Obligation arising from or relating to the Agreement. Franklin Capital's Interests (as that term is defined in the prior Interim Orders) are deemed valid, perfected, enforceable and unavoidable for all purposes and Franklin Capital is entitled to a claim in the full amount of the Obligations without Franklin Capital filing a proof of claim.

13. Any claim or cause of action that could be asserted against Franklin Capital or any of its officers, directors, employees, agents, attorneys, accountants, affiliates, successors or assigns by any party on behalf of the Debtor's estate, whether under Chapter 5 of the Bankruptcy Code or otherwise is forever released and discharged.

14. In consideration of Franklin Capital's agreement to provide post-petition financing as provided in this Order and other valuable consideration, the Debtor and Richard M. Carosella (collectively "Releasors") have released and forever discharged all claims, rights, defenses, demands, damages, actions, causes of action, costs, expenses, and suits at law or in equity, whether known or unknown (collectively, "Claims"), that the Releasors have held or now hold against Franklin or its officers, directors, employees, agents, attorneys, accountants, affiliates, successors and assigns (collectively the "Releasees"), with respect to or in connection with any of the Obligations, the collateral, and the Agreement, or any act by the Releasees of any right or remedy thereunder, including without limitation, the application of the collateral, and all claims under the Bankruptcy Code, including without limitation §§ 506, 544, 547, 548, 550, 552 and 553 of the Code, or other law relating to acts arising or existing before the Petition Date.

15. Nothing in this Order shall be deemed to constitute a waiver by Franklin Capital of its right to seek adequate protection of its interests in any property of the Debtor or of the estate, relief from the automatic stay, dismissal or conversion of this case or any other right or remedy available under applicable law.

16. The United States of America, Internal Revenue Service (the "Service"), claims, and the Debtor acknowledges, that the Service has valid liens ("IRS Lien") upon all property of the Debtor existing as of the date of the filing of the petition herein including accounts receivable, inventory, and the cash proceeds thereof, which lien is subordinate in all respects to the liens granted in favor of Franklin Capital in this Order and previously ("Franklin Liens").

17. The Service has indicated a willingness to consent to the Debtor's use of a limited amount of cash collateral provided that the Service is granted adequate protection pursuant to 11 U.S.C. §361.

18. The Debtor has agreed to and does grant to the Service a replacement lien on all post-petition property of the Debtor including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the IRS Lien which is and shall remain subordinate to Franklin's Liens.

19. The IRS Lien granted herein shall be valid, perfected, and enforceable without any further action by the Debtor of the Service, and without the execution or recordation of any financing statements, security agreements, or other documents.

20. At all times during the pendency of these proceedings, the Debtor shall maintain insurance covering the full value of their machinery, furniture, and inventory.

22. The Debtor shall maintain a separate operating account, which shall be entitled a "Debtor-in-Possession Account", and with the exception of finds needed to petty cash and other payments in the normal course of business or otherwise allowed by the Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

23. This Order shall remain in effect until further order of Court.

AGREED AND ACCEPTED:

_____
Jonathan D. Golding, Esq.
attorney for the Debtor

_____
Scott N. Schreiber, Esq.
attorney for Franklin Capital Corp.

Enter:

_____
Honorable Jack B. Schmetterer
United States Bankruptcy Judge

JUN 2 6 2012

Dated:

**Prepared by counsel of Movant:**

Richard N. Golding, Esq.
(ARDC# 0992100)
Jonathan D. Golding, Esq.
(ARDC# 6299876)
The Golding Law Offices, P.C.
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7885
Fax: (312) 755-5720
Email: rgolding@goldinglaw.net.

Rev: 20101008_bko