IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 11** |
| **Midwest Direct Mailers, L.L.C.** | ) | |
| | ) | **Case No. 11 B 48614** |
| Debtor | ) | |
| | ) | **Hon. Jack B, Schmetterer** |
| | ) | |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE that on Thursday, February 13, 2014 at the hour of 10:30 a.m., I shall appear before the Honorable Jack B. Schmetterer, or any judge sitting in his stead, in Courtroom 682 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE**,** which is attached.

                             Respectfully submitted,

                             /s/Richard N. Golding
                             Richard N. Golding
                             Attorney for the Reorganized Debtor

Richard N. Golding, Esq. (ARDC# 0992100)
Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7885
Fax: (312) 755-5720
Email: rgolding@goldinglaw.net

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) |
| COUNTY OF COOK | ) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 15th day of January 2014, by electronic notification via the ECF system to the United States Trustee and to registered parties and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 and facsimile where indicated to parties on the attached notice list:

                             /s/Richard N. Golding

1

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| Midwest Direct Mailers, L.L.C. | ) | Case No.  11 B 48614 |
| | ) | |
| | ) | Judge Jack B. Schmetterer |
| Debtor | ) | |
| | ) | |

### REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A

### FINAL DECREE CLOSING CASE

Reorganized debtor Midwest Direct Mailers, L.L.C., (the "*Reorganized Debtor*"), by and through its undersigned counsel, hereby moves this Court (this "*Motion*") for entry of a final decree, substantially the form attached hereto (the "*Proposed Final Decree*").  In support of this Motion, the Reorganized Debtor respectfully states as follows:

Jurisdiction

*1.*    The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

*2.*    Venue in this Court is proper under 28 U.S.C. § 1408.

*3.*    The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the *"Bankruptcy Code"),* Rule 3022 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"),* and Rule 3022-1 of the Local Bankruptcy Rules of this Court (the *"Local Rules").*

2

Background

I.    The Chapter 11 Case and Confirmation of the Plan

*4.* On December 1, 2011 (the *"Petition Date"),* the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Reorganized Debtor continued in the management and possession of its business as debtor in possession throughout this chapter 11 case. No trustee or examiner has been appointed in this chapter 11 case. No committee has been appointed or designated.

*5.* On January 8, 2013, the Court entered an order [Docket No. 275] (the *"Confirmation Order")* that, among other things, confirmed *Midwest Direct Mailers, L.L.C.'s Third Modified Plan of Reorganization* [Docket No. 274] (the *"Plan"*).[1] In accordance with the terms of the Plan, the Plan became effective on February 19, 2013 (the *"Effective Date"),* and the Reorganized Debtor caused notice of the occurrence of the Effective Date to be served on all creditors and parties in interest in this chapter 11 case.[2]

II.    Status of the Chapter 11 Case

*6.* Since the Effective Date, the Reorganized Debtor has worked diligently to implement the Plan and conclude this chapter 11 case. The following provides the status of the chapter 11 case and distributions under the Plan.

---

[1] Capitalized terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

[2] See *Order Confirming Plan* [Docket No. 275].

3

7. *Implementation of the Plan.* On the Effective Date, among other things, all property of the chapter 11 estate vested in the Reorganized Debtor pursuant to Article 8.07 of the Plan. The Reorganized Debtor has emerged from chapter 11 protection and has continue to operate its business and manage its property in the ordinary course.

8. *Administrative Claims, Priority Tax Claims, and U.S. Trustee Statutory Fees.* The Reorganized Debtor has paid, and continues to pay, all Administrative Claims and the U.S. Trustee's fees as and when those amounts come due.

9. *Cure Claims.* The Reorganized Debtor has paid its cure obligations to Business Objects/SAP pursuant to Article 6.03 or the Plan and continues to make its cure payments to MCS Services, Inc. pursuant to Article 6.04 of the Plan. The Reorganized Debtor has no other cure claim obligations.

10. *Class 1 Secured Claim of Franklin Capital Holdings L.L.C.* The Reorganized Debtor has commenced and continues to make payments to this creditor pursuant to the terms of Article 4.01 of the Plan.

11. *Class 2 Secured Claim of Hinsdale Bank.* The Reorganized Debtor has commenced and continues to make payments to this creditor pursuant to the terms of Article 4.01 of the Plan.

12. *Class 3 Secured Claim of Old National Bank.* The Reorganized Debtor has negotiated a refinance of this debt which had matured. The terms of the refinance have been agreed to, but the Reorganized Debtor is awaiting loan documents from this creditor for review.

13. *Class 4 General Unsecured Claims.* The Reorganized Debtor has commenced

4

quarterly payments to General Unsecured Creditors as required under the Plan and shall make future quarterly payments as required under the Plan.

14. *Class 5 Equity Claims.* Pursuant to the Plan, Class 4 Equity Interests are not entitled to a distribution.

## Relief Requested

15. By this Motion, the Reorganized Debtor respectfully requests that this Court issue a final decree substantially in the form of the Proposed Final Decree closing this chapter 11 case pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

## Basis for Relief

I. Standard for Closing a Chapter 11 Case

16. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 V.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

17. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Ru1e3022,however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been fully administered: (a) whether the order confirming the plan has become final; (b) whether

deposits required by the plan have been transferred; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters and adversary proceedings have been finally resolved.

18. These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings, for example, should not be enough to prevent closure of a bankruptcy case. *See, e.g., In re IMP-Newcor Inter 'I, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (Barliant, J.) (where the only matters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland,* 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case); *In re Union Home & Indus., Inc.,* 375 B.R. 912, 918 (l0th Cir. BAP 2007) (same). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor Inter 'I,* 225 B.R. at 465; *Jay Bee Enters.,* 207 B.R. 536,538 (Bankr. E.D. Ky. 1997).

II. It Is Appropriate to Close the Chapter **11** Case.

19. The Reorganized Debtor's estate has been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the chapter 11 case. The confirmation order became final and non-appealable on or about February 7, 2013. Moreover, the Plan has been substantially consummated: (a) the Reorganized

6

Debtors have received the property to which they are entitled under the Plan; (b) the Reorganized Debtors have assumed the business and management of that property; and (c) the Reorganized Debtors have made the other distributions called for under the Plan, with the exception of the refinancing of the Class 3 debt.

20. Moreover, leaving the chapter 11 case open will cause the Reorganized Debtors to incur substantial quarterly U.S. Trustee fees. *See* 28 U.S.C. § 1930. If the chapter 11 case is not closed, the Reorganized Debtor will be required to continue paying quarterly fees to keep the case open. These quarterly fees are a significant burden upon the Reorganized Debtor and (given the status of the chapter 11 case) are an inefficient use of resources. Accordingly, there is ample justification for entry of a final decree closing the chapter **11** case at this time.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter a final decree substantially in the form of the Proposed Final Decree (a) closing this chapter 11 case and (b) granting such other and further relief as this Court deems appropriate.

Dated: January 15, 2014

Respectfully submitted,

By: /s/ Richard N. Golding
Richard N. Golding
Attorney for Midwest Direct Mailers L.L.C.

Richard N. Golding (ARDC 992100)
The Golding Law Offices, P.C.
500 N. Dearborn Street, 2nd FL
Chicago, IL 60610
T: (312) 832-7885
F: (312) 755-5720
rgolding@goldinglaw.net